UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KIM YANCEY,

                            Plaintiff,

      -against-

OVERTIME 1ST AVENUE CORP. d/b/a PRIME ONE 16
and HONG KAI LIN REALTY LLC,

Case No. 18CV8829

STIPULATION OF SETTLEMENT

---

    **WHEREAS,** Plaintiff KIM YANCEY ("Plaintiff") filed a complaint in the above-captioned action against defendants OVERTIME 1ST AVENUE CORP. d/b/a PRIME ONE 16 (the "Restaurant") and HONG KAI LIN REALTY LLC ("Landlord"; the Landlord and the Plaintiff being designated as the "Parties"; the Restaurant and the Landlord being hereinafter collectively designated as "Defendants"), alleging *inter alia,* certain purported violations of the Americans with Disabilities Act, 42 U.S.C 12181, and related claims arising under New York State Executive Law, the New York City Human Rights Law, and the New York Civil Rights Law, and seeking certain forms of relief thereunder (the "Action"); and

    **WHEREAS,** the claims alleged herein by Plaintiff arise in connection with the premises known as 2257 First Avenue, New York, New York; and

    **WHEREAS,** the Landlord has denied all allegations that they have violated any laws, statutes, rules, regulations or ordinances; and

    **WHEREAS,** the Plaintiff and the Landlord desire to settle the Action, without an admission of liability, on the terms and conditions set forth herein; it is therefore

    **STIPULATED, CONSENTED AND AGREED,** that the Action shall be settled by the

Execution Copy

terms of this Stipulation of Settlement (the "Stipulation") as follows:

1. Remedial Measures.

a. The Landlord hereby agrees to install a permanent ramp and landing at an entrance to the Restaurant (the "Ramp"), which would allow Plaintiff and other wheelchair bound patrons to enter the Restaurant. The Ramp shall not have a slope exceeding 1:10 and shall otherwise be compliant with the accessibility requirements set forth in Section 405 of the 2010 ADA Standards for Accessible Design (the "2010 Standards"). The installation of the Ramp shall be completed within six months (the "End Date") of the date this Stipulation is filed with the Southern District Court (the "Start Date"). The End Date shall be subject to events beyond the control of the Landlord, such as delay in obtaining approved building or zoning permits (application for which shall be filed no later than 30 days from the Start Date), failure of the any government inspectors to make inspections, contractor defaults, work stoppages or slow-downs due to labor-related disputes or weather conditions which prevent work from going forward, acts of God, *force majeure*, acts of war or terrorism, and the like. In the event of such circumstances, it is agreed that upon a showing of diligent efforts to comply with the terms of this Stipulation, the Landlord may request from Plaintiff's counsel an extension of time to complete the said installation, which consent shall not be unreasonably withheld. Any failure to notify Plaintiff's counsel of delays and documentation of diligent efforts prior to the End Date will be deemed a failure to comply with this Agreement and shall constitute a breach thereof. Within 30 days of the installation of the Ramp, the attorneys for the Landlord shall notify Plaintiff's counsel and shall furnish photograph(s) of the completed Ramp.

Execution Copy

b. No later than the End Date, the Landlord shall provide one wheelchair accessible table inside and one outside the Restaurant, in compliance with section 902 of the 2010 Standards, with seats which will allow a patron in a wheelchair to comfortably place his or her knees and toes beneath the table, located on an accessible route which provides proper clear floor space for seating and does not require seated patrons to move out of the way of an approaching wheelchair, or for a wheelchair patron to move to allow passage of other patrons, in compliance with Sections 226.1 and 226.2 of the 2010 Standards.

c. No later than the End Date, the Landlord shall provide one wheelchair accessible toilet room inside the Restaurant which complies with the 2010 Standards.

2. Monetary Consideration.

The Landlord will cause to be paid to Plaintiff, to the order of and through her attorney, Donald J. Weiss, the sum of Seven Thousand Five Hundred Dollars ($7,500.00) (hereinafter, the "Settlement Payment"). The Settlement Payment includes any and all monetary claims against Defendants for damages, legal fees, expert fees, costs, and any and all actual or potential fees, costs, and expenses incurred in connection with the Action. The Settlement Payment shall be paid on or before February 7, 2019.

3. Release.

In consideration of the Landlord's obligations under the Stipulation, the Plaintiff on behalf of herself, her heirs, executors, beneficiaries, trustees, administrators, representatives, successors and assigns ("Releasor") hereby remises, releases, acquits, satisfies, and discharges Defendants, their parents, subsidiaries and affiliates, and their current and/or former officers, directors,

members, shareholders, employees, attorneys, trustees, administrators, representatives, successors and assigns ("Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, equity, or admiralty, which the Releasor ever had, now has or hereafter can, shall or may have against the Releasees from the beginning of the world up to the date of the Stipulation with respect to all claims made, or which could have been made, in the Action.

4. No Admission of Liability.

Nothing in the Stipulation shall constitute or be deemed to constitute an admission of fault, wrongdoing or liability on the part of the Landlord. The Landlord acknowledges, without conceding, any infirmity in its defenses, that it is entering into this Stipulation solely in order to settle this dispute and to avoid the further expense and inconvenience of litigation. Plaintiff acknowledges that nothing herein is to be construed as an admission of liability or culpability by the Landlord, and acknowledges further that the remedial steps to be taken herein constitute a satisfactory resolution of the access claims alleged herein.

5. Fees and Expenses.

Each of the Parties shall bear their own attorneys' fees and costs incurred in connection with or related to the Action not otherwise encompassed by the terms of the Stipulation provided, however, that in the event of breach of the Stipulation, the non-breaching party shall be entitled to collect any fees or expenses incurred, including reasonable attorneys' fees, by reason of any efforts to enforce the Stipulation..

6. Authority.

Each signatory hereto represents and warrants that he/she has full authority to enter into this Stipulation. All references to the Defendants herein shall be deemed to include their successors and assigns.

7. Governing Law and Jurisdiction.

This Stipulation shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The Parties agree that venue for any litigation brought to enforce this Stipulation shall lie in the United States District Court for the Southern District of New York, or, if that Court refuses to accept jurisdiction, in any court of competent jurisdiction in New York, New York.

8. Interpretation.

The language of all parts of the Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. The Stipulation has been negotiated by and between the Parties' respective counsel, and shall not be construed against the "drafter" of the Stipulation.

9. Modification of Stipulation.

The Stipulation may be amended, revoked, changed, or modified only upon a written agreement executed by the Parties. No waiver of any provision of the Stipulation will be valid unless it is in writing and signed by the party against whom such waiver is charged.

10. Entire Agreement.

The Stipulation sets forth the entire agreement between the Parties hereto, and fully

supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

11. Signatures in Counterparts.

This Stipulation can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if the Parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as an original signature.

12. Headings.

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

IN WITNESS WHEREOF, the Plaintiff and Landlord have hereunder set their hands as of the date set forth below.

Dated: New York, New York
         , 2019

_____
KIM YANCEY

HONG KAI LIN REALTY LLC
By: _Lin Hong Kai_
Name:
Title: OWNER
    LIN HONG KAI

So Ordered:

_____
USDCJ

6

Execution Copy